# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| PAMELA PARKER AND STEPHEN PARKER, Individually and as Parent and Next Friend to E.P., a minor child under the age of eighteen (18) years old<br><br>*Plaintiffs,*<br><br>v.<br><br>TRIBECA AUTOMOTIVE, INC. and HECTOR MANUEL ORTIZ JIMENEZ;<br><br><br><br>*Defendants*. | C/A No.: 2:24-cv-7590-BHH<br><br><br><br><br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

The Plaintiffs, Pamela Parker and Stephen Parker, individually and as parent and next friend to E.P., a minor child under the age of eighteen (18) years old, hereby complain of the above-captioned Defendants as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This is a civil action for damages arising out of a tractor trailer collision that occurred on July 12, 2023 in Moncks Corner, South Carolina.

2. On the subject date, Defendant Hector Manuel Ortiz Jimenez (hereinafter referred to as "Defendant Jimenez"), was operating a tractor trailer on Highway 52 in Berkeley County on behalf of his employer, Defendant Tribeca Automotive, Inc. (hereinafter referred to as "Tribeca Auto") when he made a left turn onto the roadway without yielding the right of way to oncoming traffic.

3. As a result of the Defendants' negligent and grossly negligent conduct, Plaintiff Pamela Parker suffered permanent, catastrophic injuries for which she continues to receive medical

treatment and will for the foreseeable future. Her minor daughter, E.P., was a passenger in her mother's vehicle and was injured herself in addition to witnessing her mother's injuries.

4. Plaintiffs Pamela and Stephen Parker are both domiciled in and are citizens of the state of South Carolina. They reside in Berkeley County along with their minor daughter, E.P.

5. Upon information and belief, Defendant Hector Manuel Ortiz Jimenez (hereinafter referred to as "Defendant Jimenez"), is domiciled in and is a resident of the State of Florida. At all times relevant to the subject action, Defendant Jimenez was an employee of Defendant Tribeca Automotive, Inc. and was acting within the course and scope of his employment.

6. Upon information and belief, Defendant Tribeca Automotive, Inc. (hereinafter referred to as "Tribeca Auto") is a corporation that is both incorporated in the state of New Jersey and maintains its principal place of business in the state of New Jersey. However, Tribeca Auto operates as national automobile hauler and transports vehicles across and to virtually every state in the nation, including in the State of South Carolina. Upon information and belief, Tribeca Auto owns and operates a motor carrier authorized by the Federal Motor Carrier Safety Administration (FMCSA) consisting of a fleet of dozens of commercial motor vehicles; and it transports cars across the entire nation.

7. At the time of the subject collision, Tribeca Auto was operating in the State of South Carolina by virtue of its employee, Jimenez, and owned the vehicle involved in the subject collision.

8. Tribeca Auto is one of the larger automobile transportation and hauling companies in the United States. In 2022, Tribeca employed more than 100 individuals (including truck drivers) and earned gross revenues in excess of fifty (50) million dollars ($50,000,000.00) which

included providing transportation services for car manufacturers such as Tesla, Mercedes, and Toyota.

9. Based on the above and *further allegations set forth more fully below*, the Court has personal jurisdiction over Defendants.

10. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as there is complete diversity among the parties and Plaintiff's damages exceed Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

11. Pursuant to 28 U.S.C. § 1332(b)(2) and Local Civil Rule 3.01(A)(1), venue is proper in the Charleston Division because a substantial part of the acts and omissions giving rise to this claim occurred in the Charleston Division, and all Defendants conduct and do business related to this incident within the Division.

**FACTS**

12. On July 12, 2023, Plaintiff Pamela Parker, along with her minor daughter, E.P., was travelling northbound on Highway 52 in a 2017 Ford SUV and was lawfully within her lane of traffic and traveling at or below the speed limit.

13. Defendant Jimenez was traveling southbound on Highway 52 but was attempting to take a left turn off of Highway 52 onto private property. Defendant Jiminez unlawfully failed to yield the right of way to Plaintiff Pamela Parker and pulled the Tribeca Auto tractor trailer out in front of Plaintiff Pamela Parker who was unable to avoid a collision with Defendant Jiminez, impacting the passenger side of the Tribeca Auto tractor trailer.

14. Defendant Jiminez was ticketed and charged with a violation of S.C. Code Ann. § 56-5-2320 by responding law enforcement agents for his failure to yield the right of way.

15. Upon information and belief, Defendant Jimenez knowingly pleaded guilty to this charge.

16. Both Plaintiff and her minor daughter were transported from the scene of the collision by emergency medical responders to a nearby hospital.

17. At the time of the subject collision, Plaintiff's minor daughter, E.P., suffered her own injuries in addition to witnessing her mother's immediate and life-threatening injuries.

## FIRST CAUSE OF ACTION
*(Negligence, Gross Negligence, and Negligence Per Se As to Defendants Jimenez and Tribeca Auto on Behalf of Pamela Parker & Stephen Parker as Parent and Next Friend to E.P.)*

18. Defendant Tribeca Auto and its employee, Jimenez, owed a duty to the Plaintiffs to operate the tractor trailer in a safe, reasonable, and lawful manner.

19. Defendant and its employee, Jimenez, breached the duty to use due care or even slight care in operating his vehicle, and he was negligent, negligent *per se*, grossly negligent, reckless, willful, and/or wanton in numerous particulars, including but not limited to:

   a. failing to maintain proper control of his vehicle;
   b. failing to keep a proper lookout;
   c. failing to yield, in violation of S.C. Code § 56-5-2320 and -2330;
   d. entering the wrong lane of traffic;
   e. driving while inattentive and distracted;
   f. failing to use the degree of care and skill that a reasonable person would have used under the same or similar circumstances;
   g. acting with conscious disregard for the safety of others, including Plaintiffs, in violation of S.C. Code § 56-5-2920;
   h. failing to undergo or ensure a mandatory post-crash drug test was conducted;
   i. acting in violation of applicable state and federal statutes and regulations;
   j. acting in violation of FMCSA's regulations and industry standards; and
   k. committing such other and further acts and omissions as discovery may reveal and the evidence at trial may show.

20. Defendant Tribeca Auto is vicariously liable for all acts and omissions of its employee Jimenez pursuant to the doctrine of *respondeat superior*, agency, master/servant liability, and vicarious liability, as well as the Federal Motor Carrier Safety Regulations.

21. The acts and omissions of Defendant's employee Jimenez were the direct and proximate cause of Plaintiffs' injuries.

22. As a direct and proximate cause of Defendants negligence, negligence *per se*, gross negligence, recklessness, willfulness, and/or wantonness, Plaintiff Pamela Parker has suffered great and permanent physical harm which caused, and in the future will cause, her to suffer one or more of the following elements of damage:

   a. Physical and mental anguish, pain, and suffering;
   b. Loss of income;
   c. Loss of enjoyment of life;
   d. Substantial expenses for medical services;
   e. Expenses for transportation to and from medical services;
   f. Future medical expenses;
   g. Permanent injury to her body; and
   h. Incidental expenses related to her injuries and incapacity.

23. As a direct and proximate cause of Defendants' negligence, negligence per se, gross negligence, recklessness, willfulness, and/or wantonness, Plaintiff E.P. has suffered great physical and emotional harm which caused, and in the future will cause, her to suffer one or more of the following elements of damage:

   a. Physical and mental anguish, pain, and suffering;
   b. Loss of enjoyment of life;
   c. Substantial expenses for medical services;
   d. Expenses for transportation to and from medical services;
   e. Potential future medical care and treatment; and
   f. Incidental expenses related to her injuries and incapacity.

24. Plaintiff and her minor daughter, E.P., have suffered and will continue to suffer from mental and psychological trauma, shock, and fear resulting from the subject accident due to Defendants' negligence.

25. Due to Defendants' reckless, willful, and wanton conduct, as well as their violations of safety statutes and other statutory protections, Plaintiffs are entitled to actual and punitive damages in such amount as to be determined by the trier of fact.

26. All of which acts and omissions, or both, were the actual, direct, and proximate cause of the damages and injuries claimed herein.

## SECOND CAUSE OF ACTION
*(Negligent Infliction of Emotional Distress Against Defendants Tribeca Auto and Jimenez on Behalf of Stephen Parker in his Capacity as Parent and Next Friend to E.P.)*

27. Plaintiffs reiterate and reallege all claims as fully as if they were set forth in their entirety in this Paragraph.

28. Defendants owed a duty of care to Plaintiffs as set forth above.

29. Due to Defendants' negligence, gross negligence, negligence per se, and reckless conduct, Plaintiff Pamela Parker suffered severe and catastrophic physical injury which was witnessed by E.P., a passenger in Plaintiff's car at the time of the collision with Defendants' tractor trailer.

30. Plaintiff Pamela Parker's injuries, pain, suffering, shock, and serious harm were seen, observed, heard, and appreciated by E.P. immediately at the time of and after the subject collision as she visually witnessed the events and heard her mother's screams and response to the subject collision.

31. Upon witnessing and observing her mother's severe injuries, E.P. suffered severe shock, trauma, fear, anxiety, distress, and mental anguish that continued after she left the scene of the subject collision.

32. Thereafter, due to E.P.'s mental distress, anguish, and associated trauma, she has developed nightmares, headaches, fatigue, and physical abnormalities resulting from the emotional and mental anguish, distress, and associated trauma.

33. Plaintiffs are entitled to judgment against Defendants for the above-described actual damages and injuries to Plaintiffs, and for punitive damages to be determined by a jury.

### THIRD CAUSE OF ACTION
*(Loss of Consortium Claim Against Defendants Tribeca Auto and Jimenez on Behalf of Stephen Parker in his Individual Capacity)*

34. Plaintiffs reiterate and reallege all claims as fully as if they were set forth in their entirety in this Paragraph.

35. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, careless, wanton, and reckless acts and/or omissions of the Defendants as alleged above, Plaintiff Stephen Parker has been forced to endure substantial losses of the marital rights to company, society, cooperation, affection, assistance, fellowship, aid, and relations with his spouse. And, Plaintiff Stephen Parker has suffered and incurred expenses and costs, and other damages to be shown through discovery and trial.

36. Plaintiffs are entitled to judgment against Defendants for the above-described actual damages and injuries to Plaintiffs, and for punitive damages to be determined by a jury.

WHEREFORE, the Plaintiffs pray that the Court enter judgment against the Defendants, for the Plaintiffs' actual and punitive damages, in an amount to be determined by the jury, for their reasonable costs for this action, and for such other and further relief as this Court may deem just and proper.

**YARBOROUGH APPLEGATE LLC**

<u>s/ Perry M. Buckner, IV</u>
David B. Yarborough, Jr. (Fed. I.D. No. 07336)
Douglas E. Jennings, Jr. (Fed. I.D. No. 11348)
Perry M. Buckner, IV (Fed. I.D. No. 11298)
291 East Bay Street, Second Floor
Charleston, SC 29401
843-972-0150 office
843-277-6691 fax
dlail@yarboroughapplegate.com
perry@yarboroughapplegate.com

**&**

**SC INJURY LAW, LLC**
William O. Sweeny IV, Esq.  (Fed. I.D. 10727)
10 Westedge Street, Suite 725
Charleston, SC 29403
billy@attorney-sc.com

*ATTORNEYS FOR THE PLAINTIFFS*

December 23, 2024
Charleston, South Carolina